# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

**ROYMA HAMPTON,**
    **Plaintiff,**

      vs.        05-1283

**RODGER E. WALKER, JR., et al.,**
    **Defendants.**

## MERIT REVIEW ORDER

  Pursuant to 28 U.S.C. Section 1915A, a merit review of the plaintiff's complaint was held on October 13, 2005. The pro se plaintiff, Royma Hampton, appeared via video conference.

### Standard

  The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

  Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

  The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

  When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

stated by the plaintiff.  *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## Background

This plaintiff, Royma Hanmpton, says he is 100% blind.  Apparently another inmate, Carl Edwards wrote the complaint for the plaintiff and Edwards also signed the complaint for the plaintiff.  The defendants are Rodger E. Walker, Jr., Jason Garnett, Chad Ray, Brian Schell, Guy Pierce, Marc G. Hodge, Robert Brown and Shannon Smithson.

On or about April 6, 2005, while incarcerated at Lawrenceville Correctional Center, the plaintiff, Royma Hampton was in an altercation with correctional officers and was given a disciplinary ticket.  A review of the disciplinary report shows that one of the officers fractured his hand and two were transported and treated at a hospital.  The report shows that the committee was satisfied the charged occurred as reported.  The plaintiff was found guilty and received one year revocation of good time.  However, the report also says the revocation is under review.  The plaintiff says he has filed a grievance regarding the finding, but he has not exhausted the administrative process.

The plaintiff also says he was denied legal help because he was not allowed to go to the law library for about six months.  However, he says he did not have a pending case in court.  He also claims his legal mail could not go out without it being opened by the staff.

Also, the plaintiff alleges that Shannon Smithson came to his cell to take him for the Health Care Unit for a psychiatric appointment.  Smithson put the cuffs on the plaintiff too tight and when the plaintiff complained, Smithson squeezed the cuffs even harder.  The plaintiff claims he received minor cuts.  He also claims that Smithson threw him against a wall.  He does not allege any significant injuries from this conduct.

## Discussion and Conclusion

A review of the plaintiff's complaint and consideration of statements he made during the merit review conference show he has not exhausted the administrative remedies for the disciplinary action regarding an altercation with correctional officers that occurred on or about April 6, 2005.  This claim is dismissed, without prejudice.

Further, the plaintiff admits that he had no pending court case and he did not allege any injuries occurred as a result of not being allowed to visit the law library for six months or his legal mail being opened by the prison staff before it was mailed.  An access to the courts claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a nonfrivolous claim.  *Lewis v. Casey*, 116 S.Ct. 2174, 2179-80 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998)(actual injury occurs when plaintiff blocked from litigating a nonfrivolous case).  "[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct.  This is because a right to access-to-courts claim exists only if a prisoner is unreasonable prevented form presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves.  Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal

resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim).

Further, while significant injury is not required, an excessive force claim ordinarily cannot be predicated upon a de minumus use of force." DeWalt, 224 F.3d at 619; *see also* Outlaw v. Newkirk, 259 F.3d 833, 839 (7th Cir. 2001)(minor injury from guard shutting cuffport door on inmate's hand dismissed on summary judgment for guard). Significant injury is not required to state a claim, but its absence tends to support that only de minimis force was used. *Outlaw v. Newkirk*, 259 F.3d at 839 (7th Cir. 2001). The plaintiff's allegations as alleged, minor cuts to his wrist, are de minumus injuries, therefore there is no constitutional violation.

**It is therefore ordered:**

1. **The plaintiff's claim regarding the disciplinary charges/altercation with correctional officers is dismissed, without prejudice, pursuant to 42 U. S. C. § 1997(e)(a).**
2. **Pursuant to 28 U.S. C. Section 1915A and Fed. R. Civ. P. Rule 12(b)(6), the plaintiff's claims for denial of access to court and excessive force are dismissed, with prejudice. This case is dismissed in its entirety.**
3. **Any remaining matters are rendered moot.**
4. **The trust fund officer at the plaintiff's current place of incarceration is authorized and ordered to collect, when funds exist, the initial partial filing fee of $2.69 from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the agency having custody of the plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to the plaintiff's account. The agency must forward payments from the plaintiff's trust fund account to the Clerk of Court each time the plaintiff's account exceeds $10.00 until the statutory filing fee is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $250.00.**

**Enter this 17th day of October, 2005.**

s\Harold A. Baker

_____
**HAROLD A. BAKER
UNITED STATES DISTRICT COURT**